HOFFMAN BROS., INC., Appellant, *v.* COMMERCIAL UNION ASSURANCE COMPANY, LIMITED, OF LONDON, ENGLAND, Respondent.

*Insurance (theft) — contract — policy insuring against loss unless from theft by employee, servant or messenger of insured — porter hired for day by president of insured to carry sample cases within class mentioned.*

*Hoffman Bros., Inc.,* v. *Commercial Union Assurance Co.,* 221 App. Div. 167, affirmed.

(Submitted May 4, 1928; decided May 29, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 29, 1927, in favor of defendant, upon the submission of a controversy under sections 546–548 of the Civil Practice Act. The action was to recover the value of lost jewelry under a policy of insurance providing as follows:

" This policy covers loss of, and/or damage to the above described property or any part thereof, arising from any cause whatsoever except as hereinafter mentioned, viz.:

" ' 1. Loss or damage of, or resulting from theft or other act or omission of a dishonest character (including sabotage) on the part of the assured, or any agent or employee or servant or director or messenger, or broker, or broker's customer, or customer of the assured, unless such loss arises when the goods are deposited for safe custody by the assured, his, or their servants, or agents, with such broker, or customer or broker's customers.' "

The jewelry in question was in sample cases in possession of plaintiff's president who was traveling seeking orders. At Cleveland, Ohio, he hired a porter to carry the cases. Several hours later they became separated in the busy streets and the porter failed to reappear with the cases. The question was whether the porter came within the class comprised by the words " employee," " servant," or " messenger."

*Sidney J. Loeb* and *Leon M. Prince* for appellant.

*Alfred L. Pitts* and *William Otis Badger* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ. Not sitting: POUND, J.

---

MORRIS GEWIRTZMAN, an Infant, by ISIDORE GEWIRTZMAN, His Guardian ad Litem, Respondent, *v.* BARNET SCHNEIDER et al., Copartners under the Firm Name of SCHNEIDER & ROSENBLUM, Appellants.

ISIDORE GEWIRTZMAN, Respondent, *v.* BARNET SCHNEIDER et al., Copartners under the Firm Name of SCHNEIDER & ROSENBLUM, Appellants.

*Negligence — streets — lumber ordered by general contractor for use by subcontractor and piled in street by employees of lumber dealer — child injured by falling of lumber — erroneous charge in action to recover for injuries that general contractor was alone responsible.*

*Gewirtzman* v. *Schneider* (2 cases), 222 App. Div. 655, reversed, (Argued May 4, 1928; decided May 29, 1928.)

APPEAL in each of the above-entitled actions, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 10, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The first action was to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The second action, by the father of the plaintiff in the first, was to recover for loss of services and expense occasioned by the injuries. The infant plaintiff, a child about eight years of age, was walking along Union street in the borough of Brooklyn when some beams fell from a pile of lumber, which it is alleged defendants placed in the street, and struck him, causing the injuries complained of. Defendants were general contractors erecting a building and had ordered the lumber for use by a subcontractor. It appeared on the trial that the lumber had been delivered and piled by employees of the lumber